[File No. 5940.]

FIRST STATE BANK OF GRANVILLE, a Corporation, Respondent, v. C. N. COX, Appellant.

(237 N. W. 708.)

Opinion filed July 14, 1931.

*John O. Hanchett,* for appellant.

*Robert H. Bosard,* for respondent.

BURKE, J. This is an action brought by the First State Bank of Granville against a stockholder to recover an assessment made by the directors of said bank against the stock of the said stockholder.

It was tried to the court on stipulated facts; the trial judge made findings of fact and conclusions of law for the plaintiff, and from a judgment entered thereon the defendant appeals. From the stipulated facts it appears that the plaintiff bank was incorporated in 1907, under the name of the First State Bank of Surrey, N. D., with a capital of $10,000 and of the par value of $100 per share. In 1926 the plaintiff bank amended its articles of incorporation changing its corporate name to the First State Bank of Granville, and increased its capital stock to $15,000 divided into 150 shares of the par value of $100 per share and the bank was moved from Surrey to Granville where it has since been conducting its banking business.

The defendant, C. N. Cox, was the owner of five shares in the plaintiff bank in the month of February, 1930, at the time that an assess-

ment of one hundred per cent was levied against all the stock in said bank by the directors.

In 1927, the plaintiff bank renewed its corporate existence for a period of ten years under § 4561 and § 4562, Comp. Laws 1913, the old charter expiring in April, 1927.

In November, 1929, the state banking department requested the removal from the assets of the plaintiff bank certain real estate and paper in said bank carried on the books of the bank in a sum in excess of $15,000, which said real estate and paper were removed and taken out of the assets of said bank pursuant to the order and direction of the banking department of the state in the month of February, 1930.

In order to make good the capital of said bank after the removal of said assets and pursuant to order from the state banking department, the board of directors of said bank, on or about February 1, 1930, levied an assessment of one hundred per cent, or one hundred dollars per share, upon all of the capital stock of the said plaintiff bank and ordered that the same be paid by the owner of such stock to the cashier of said bank on or before March 22, 1930. Notice of such assessment was given and provided that all stock delinquent on March 22, 1930, should be sold to pay the delinquent assessment on May 3, 1930, and contained the further statement, that the assessment was made pursuant to the provisions of chapter 179 of the laws of 1923. On April 10, 1930, the board of directors of said bank, passed a resolution providing that all further proceedings for sale of stock and delinquent on said assessment be waived and the president and cashier of said bank were authorized to commence action against such delinquent stockholders to collect the delinquent assessment with costs. And defendant refused and still refuses to pay the assessment on his five shares.

The statutes in relation to the assessment of stock in a corporation prior to the enactment in 1923, are as follows:

Section 4571, Comp. Laws 1913, provides that not to exceed ten per cent may be levied at a time.

Section 4572, provides no assessment must be levied while any portion of previous assessment remains unpaid.

Section 4588, provides for declaring stock delinquent or waiving such provision and commencing action to recover the assessment.

In 1923 the following statute was passed, viz.:

"The directors of banking associations may assess such percentage of the capital stock as they deem proper, not exceeding one hundred per cent of the face value thereof, during any three years." Subdivision 4, § 4571 as amended by chap. 179, Session Laws 1923.

The constitution provides:

"No private corporation for profit can be created except by general laws for the organization of all corporations, and any such law shall be subject to future repeal or alteration." Const. § 131, art. 7.

"A corporation is a creature of the law." Comp. Laws 1913, § 4494.

"Every grant of corporate power is subject to alteration, suspension or repeal in the discretion of the legislative assembly." Comp. Laws 1913, § 4495,

"Corporations may renew and extend their charters by complying with certain provisions." Comp. Laws 1913, § 4562.

The assessment was made under chapter 179, Session Laws of 1923, and it is the contention of the defendant and appellant, that this act does not apply to stock issued before the passage of the act.

On the other hand, it is the contention of respondent that under the reserved power in the constitution and the statutes providing, that all laws relating to corporations may be altered or repealed, chapter 179 of the Laws of 1923, providing, "The directors of banking associations may assess such percentages of the capital stock as they deem proper, not exceeding one hundred per cent of the face value thereon, during any three years," is a valid enactment and applies with full force and effect to the assessment of the bank stock in the instant case. This act passed with an emergency clause and took effect on the day of its approval March 2, 1923. The stock assessment was made February 1, 1930, almost seven years after the act took effect. It is clear, that the legislature did not intend the law to be retroactive. The question of whether the act is retroactive or not is not involved. The bank had been operating under the act for seven years when as stated in the stipulation of facts, "In order to make good the capital of said bank after the removal of said assets and pursuant to the order from the state banking department the board of directors of said bank on or

about February 1, 1930, levied an assessment of one hundred per cent, or one hundred dollars per share upon all of the capital stock of said plaintiff bank." This was not a retroactive application of the law. It does not apply to impairments of the capital stock impaired prior to the enactment of the law, but to an impairment of the capital subsequent to the passage of the law and is therefore prospective.

In 1926 the banking department levied a one hundred per cent assessment on all the capital stock of the plaintiff bank which assessment was voluntarily paid by all the stockholders including the plaintiff without any legal proceedings and without any objection by any of the stockholders to the assessment made at that time under the Act of 1923. After this assessment was made, the plaintiff bank in 1927 renewed its corporate existence for a period of ten years and such renewal and payment of the assessment was a recognition of and an approval of the Act of 1923, which made said act applicable to said bank, and binding on its stockholders. The judgment must be, and is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and BURR, JJ., concur.